Informal Opinion No. 98-21 Mariette Geldenhuys, Esq. Corporation Counsel City of Ithaca 108 East Green Street Ithaca, N Y 14850-5690
Dear Ms. Geldenhuys:
You have asked whether the city's legislative body may enact a local law modifying terms of office for the members of the Ithaca Urban Renewal Agency.
The Agency was established by special act of the State Legislature. General Municipal Law § 608. It is a "body corporate and politic" consisting of five members, including the mayor. Id. Appointments to the Agency are made by the mayor with the approval of a majority of the members of the common council and "they shall serve at the pleasure of the mayor". Id. Members are to continue to hold office until their successors are appointed and have qualified. Id.
Once established by special acts, urban renewal agencies are governed by General Municipal Law Article 15-A. Under those provisions, an agency is designated as a "corporate governmental agency, constituting a public benefit corporation". Id., § 553(2).
 Except as otherwise provided by special act of the Legislature, an agency consists of not less than three nor more than five members who shall be appointed by the mayor of a city or village . . . [to] serve at the pleasure of the appointing authority. A member shall continue to hold office until his successor is appointed and has qualified. Id.
You have indicated that it has been suggested that section 553(1) of the General Municipal Law empowers the legislative body to change the terms of members of the Agency. Under that provision, the mayor is required to file in the offices of the Commissioner of Housing and Community Renewal and Secretary of State a certificate providing specific information which includes the names of the members of the Agency and their terms of office.
Preliminarily, we do not view the above provisions of section 553(1) of the General Municipal Law as authority for a local law modifying the terms of members of an urban renewal agency. It is clear that the State Legislature, in establishing specific urban renewal agencies, may set varying terms of office for members. You have given examples in your letter. See, General Municipal Law § 605. Section 553(1) recognizes that special acts establish varying terms of office.
In our view, a municipality, without specific State legislative authorization, lacks authority to enact a local law changing the terms of members of its urban renewal agency. Generally, home rule provides extensive authority for a municipality to enact local laws regarding its property, affairs or government and other specific subjects affecting that municipality. N Y Const, Art IX; Municipal Home Rule Law § 10. Urban renewal agencies, however, are public benefit corporations legally separate from municipalities that can only be established by act of the State Legislature. Home rule powers do not apply to these independent entities. An amendment to State law would be necessary to change the term of members of the Ithaca Urban Renewal Agency or to authorize the city's legislative body to establish a different term. The General Municipal Law recognizes this limitation in providing:
 [e]xcept as otherwise provided by special act of the Legislature . . . members . . . shall serve at the pleasure of the appointing authority. Id., § 553(2).
We conclude that the Ithaca common council is without authority to change the terms of members of the Ithaca Urban Renewal Agency, as established by special act of the State Legislature.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions